UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
DIVISION
CASE NO.: 00-6178 CIV-DIMITROULEAS

MAGISTRATE JUDGE JOHNSON

UNITED STATES OF AMERICA

   Plaintiff,

vs.

CHARLOTTE H. MANERA
   Defendant.
_____/

## COMPLAINT

The United States of America, acting herein by THOMAS E. SCOTT, United States Attorney for the Southern District of Florida, alleges as follows:

1. This action is brought by the United States of America, with jurisdiction provided by 28 U.S.C. § 1345.

2. The defendant is a resident of the Southern District of Florida.

3. The defendant is indebted to the plaintiff in the principal amount of $1281.64, plus interest on this principal amount computed at the rate of 8.00 percent per annum in the amount of $1819.62, plus interest thereafter on this principal from January 20, 2000 until the date of judgment, plus administrative fees, costs, and penalties in the amount of $.00. See Exhibit A attached hereto and incorporated herein.

4. Demand has been made upon the defendant by plaintiff for the sum due, but the amount due remains unpaid.

WHEREFORE, plaintiff prays judgment against the defendant for the total of $3101.26, plus interest at 8.00 percent per annum on the principal amount of $1281.64, from January 20, 2000 to the date of judgment, plus costs. Plaintiff further demands, pursuant to 28 U.S.C. §1961, that interest on the judgment be at the legal rate until paid in full.

Notice is hereby given to the defendant that the plaintiff intends to seek satisfaction of any judgment rendered in its favor in this action from any debt accruing.

Dated at Miami, Florida on this 31 day of January, 2000.

                              Respectfully submitted,

                              THOMAS E. SCOTT
                              United States Attorney

By: _____
     Mary F. Dooley
     Assistant U.S. Attorney
     Florida Bar No. [#]A5500282
     99 N.E. 4th Street,
     Suite 300
     Miami, FL 33132
     Tel No. 305-961-9377
     Fax No. 305-530-7195

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Charlotte H. Manera
AKA: H.C. Manera
8411 NW 15Ct
Pembrooke Pines, FL 33024
SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 07-19-99.

On or about 02-18-86, the borrower executed promissory note(s) to secure loan(s) of $2,500.00, from Glendale Federal at 8.00 percent interest per annum. This loan obligation was guaranteed by Florida Department of Education Office of Student Financial Assistance and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $163.44 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 07-28-89, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,481.49 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 09-22-95, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal | $1,281.64 |
| Interest: | $1,767.93 |
| Administrative/Collection Costs: | $     0.00 |
| Late Fees: | $     0.00 |
| Total debt as of 07-19-99: | $3,049.57 |

Interest accrues on the principal shown here at the rate of $0.28 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 5/14/1999         Name: [signature]
                              Title: LOAN ANALYST
                              Branch: LITIGATION BRANCH

GOVERNMENT EXHIBIT A

April 1998                                                                    B3-2/ED-LIT

**FLORIDA APPLICATION/PROMISSORY NOTE FOR A STUDENT LOAN AND LOAN GUARANTEE**

WARNING: ANY PERSON WHO KNOWINGLY MAKES A FALSE STATEMENT OR MISREPRESENTATION ON THIS FORM IS SUBJECT TO PENALTIES WHICH MAY INCLUDE FINES OR IMPRISONMENT UNDER THE UNITED STATES CRIMINAL CODE AND STUDENT LOAN

STUDENT LENDING DEPT.
MAR 20 1986
RECEIVED

## SECTION I – TO BE COMPLETED BY THE STUDENT – READ THE INSTRUCTIONS

1. Social Security Number: 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
2. Last Name: Skeels   First: H. Charlotte
3. Birth Date: 9/28/57
4. Permanent Home Address: 3781 SW 31 Dr
5. Area Code-Phone No. for Item 4: (305) 989-6652
   City: W. Hollywood   State: FL   Zip: 33023
6. U.S. Citizenship Status: ☒ (a) U.S. Citizen
7. Total Number of Borrower's Dependents: 1
8. Permanent Resident of (State Name): Florida   Since: Mo — Yr 58
8(a). County Code: 06
9. Intended Enrollment Status: ☒ Full Time
10. Major Course of Study: Nursing
11. While in School, You Intend to Live: ☒ Off Campus
12. Prior to the academic year... ☒ No
13. Requested Loan Amount: $2500.00
14. Loan Period: From 1/86 to 8/86
15. Have you ever defaulted on an education loan? ☒ No
16. Do you have any outstanding education loans? ☒ No

18. Name of Parent/Guardian plus Adult Relative:
   - Susie Skeels, 300 Boyde Drive, Key Largo, 451-0246, None
   - Gary Trimm, 4781 SW 4 Ct, Ft. Lauderdale, 792-6233, None

## SECTION II – TO BE COMPLETED BY THE SCHOOL

20. Name of School: Broward Community College
21. Address: 7200 Hollywood Blvd
    City: Hollywood   State: Florida   Zip: 33024
22. Loan Period: From 01/08/86 To 08/01/86
23. Borrower's Grade Level: 01
24. Anticipated Graduation Date: 06/88
25. School Code: 001500
26. Area Code/Phone Number: (305) 963-8846
27. Dependency Status: ☒ Independent
27(a). Adjusted Gross Income: $17,648.00
28. Estimated Cost of Attendance: $11,592.00
29. Estimated Financial Aid: $1470.00
29(a). Expected Family Contribution: $-0-.00
30. Difference: $10,122.00
31. Academic Status: Cumulative GPA 2.5 of 4.0
31(a). Beginning Date of Terms:
   - #1: 01/08/86 — $1250.00
   - #2: 05/01/86 — $1250.00
   TOTAL OF DISBURSEMENTS: $2500.00

32. Signature of Authorized School Official: Aldanzo L. Pratt BPM
   Print: Aldanzo L. Pratt, Fin. Aid Asst. Director
   Date: 3/18/86

## SECTION III – TO BE COMPLETED BY THE LENDER

33. Name of Lending Institution: **Glendale Federal**
34. Address: **301 E. Las Olas Blvd.**
    City: **Ft. Lauderdale**   State: **FL**   Zip: **33301**
35. Area Code/Phone No: ( 305 ) 763-1121
36. Lender Code: 826762
37. Loan Disbursement Date(s):
   - #1: 03/28/86 — $2500.00
   TOTAL AMOUNT LENDER APPROVES: $2500.00
38. Length of Grace Period: 6 (9 10 11 12)
39. Signature of Authorized Lending Official: Susan D. Kline
   Print: Susan S. Kline BDD
40. Date: 03/20/86

## SECTION IV – PROMISSORY NOTE FOR A GUARANTEED STUDENT LOAN

I. Promise To Pay. I, the undersigned student borrower identified in Section I, Item 2, promise to pay to you or your order when this note becomes due as set forth in Paragraph II, the sum of Twenty Five Hundred DOLLARS ($2500.00)

I A. Requested Loan Amount—Must be the Same as Item 13 or such loan amount as is advanced to me and identified to me in the Notice of Loan Guarantee and Disclosure Statement, plus interest as set forth in Paragraph III, and any other amounts which may become due as provided in Paragraph VI. If I fail to pay any of these amounts when they are due, I will pay all charges and other costs, including the fees of an outside attorney and court costs that are permitted by Federal law and regulations for the collection of this loan, which you incur in collecting this loan. (See Paragraphs II, III, VI on the other side.) My signature certifies that I have read, understood and agreed to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side.

I UNDERSTAND THAT THIS IS A PROMISSORY NOTE. I WILL NOT SIGN THIS PROMISSORY NOTE BEFORE READING IT INCLUDING THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. I AM ENTITLED TO AN EXACT COPY OF THIS PROMISSORY NOTE, THE NOTICE OF LOAN GUARANTEE AND DISCLOSURE STATEMENT AND ANY AGREEMENT I SIGN. BY SIGNING THIS PROMISSORY NOTE I ACKNOWLEDGE THAT I HAVE RECEIVED AN EXACT COPY HEREOF.

Student Borrower Signature: H. Charlotte Skeels
Date: 2/18/86

NOTICE TO STUDENT: Terms of the Promissory Note continue on the reverse side.

FGLP Standard Form 1 (3/85)   935-3113   LENDER COPY A

## Additional Terms of the Promissory Note for a Guaranteed Student Loan

**II. Date Notes Comes Due** I will repay this loan: 1) in periodic installments during a repayment period that will begin no later than the end of my grace period, or 2) in full immediately if I fail to enroll and attend at the school which certified my application for this loan (the loan will not be eligible for a grace period). My grace period is that period of time which begins when either I leave school or stop carrying, at an eligible school approved by the Guarantor, at least one-half the normal full-time academic work load required by the school. The Notice of Loan Guarantee and Disclosure Statement will identify the length of my grace period. During the grace period I may request that the grace period be shortened and the repayment period begin earlier. My due date will be indicated on the Repayment Schedule.

**III. Interest** I agree to pay an amount equivalent to simple interest on the unpaid principal balance from the date you advance the loan until the loan is paid in full. The applicable interest rate on this loan will be the same as the applicable interest rate on my other Guaranteed Student Loans if any of those loans is still outstanding and has an interest rate of 7%, 8% or 9%. If I have no outstanding Guaranteed Student Loans, my interest rate on this loan will be 8%. The Notice of Loan Guarantee and Disclosure Statement identifies the applicable interest rate for this loan. You will not attempt to collect from me any interest which the United States Government will pay for me. When this note becomes due I may either pay the total interest due from me or such interest may be added in accordance with State and Federal regulations governing the Guaranteed Student Loan Program, to the principal balance due to be repaid with interest, in installments. Once the repayment period begins, I will pay all the interest on this loan, except that if the interest occurring on this loan prior to the repayment period was payable by the United States Government, the United States Government will pay the interest that occurs during any period described under Deferment, Paragraph VIII in this Note. All payments will be made to your address indicated on the Notice of Loan Guarantee and Disclosure Statement or to any other address which you provide to me.

**IV. Origination and Guarantee Fees** I will pay you an origination fee as authorized by federal law, not to exceed 5% of the amount loaned to me as identified on the Notice of Loan Guarantee and Disclosure Statement. If any loan check is returned uncashed to you, I will be entitled to a refund of any origination fee paid in respect to such disbursement. I will pay you a guarantee fee in an amount identified on the Notice of Loan Guarantee and Disclosure Statement, which you will forward to the Guarantor to pay for its guarantee of this Note. The guarantee fee, in an amount not to exceed one percent (1%) per annum, is calculated on the amount of this loan from the anticipated disbursement date as indicated by the Lender in Section III of the application until the expiration of my grace period following the graduation or course completion date indicated by the School in Section II of my application for this loan. No part of the guarantee fee will be refunded to me unless the loan check is returned to you within 60 days after its disbursement date, in which case the total fee will be refunded. The origination fee and the guarantee fee may both be deducted from the proceeds of my loan.

**V. Default** I will be in default and you have the right to give me notice that the whole outstanding principal balance plus any unpaid interest I owe is due and payable at once (subject to any law which gives me a right to cure my default) if 1) any payment has not reached you within the number of days after it is due as specified on the Repayment Schedule or 1)(a) to meet the terms of the Application/Promissory Note under circumstances where you find it reasonable to conclude that I no longer intend to honor the obligation to repay, provided that my failure persists for (a) 120 days if I pay in monthly installments or (b) 180 days if I repay in less frequent installments, or 2) I fail to notify you of a change in my name, address or school enrollment status within 10 days, or 3) I break any of my other promises under this agreement or 4) I make any false written statement in applying for this loan or for a forbearance or deferment of this loan. After sending such notice to me you will have the right, without further notice, to take the outstanding balance out of my checking and/or savings account I have with you, if not prohibited by law, but not out of the proceeds of any other property of mine which you have a right to take because of any other agreement between you and me. If I default, I will still be required to pay interest on this loan as provided in Interest, Paragraph III from the date of default. A default also makes me ineligible for the benefits described under Deferment, Paragraph VIII.

**VI. Late Charges** If any payment has not reached you within ten (10) days after its due date you may, if permitted by law, bill me for a late charge at the maximum rate permitted. If a payment is late, I may be charged five dollars ($5.00) or five percent (5%) of the payment, whichever is less.

**VII. Additional Agreements** 1) The proceeds of this loan will be used only for my educational expenses at the school indicated in Section II of my application. 2) Any notice required to be given to me will be effective when mailed by first class mail to the latest address you have for me. 3) Your failure to enforce or insist that I comply with any term of this Note is not a waiver of your rights. No provision of this Note can be waived or modified except in writing. 4) If the Florida Department of Education is required

under its guarantee to repay my loan(s) because I have defaulted. The Florida Department of Education will become the owner of this Note and as my creditor will have all the rights of the original lender to enforce this Note against me. 5) I understand that I must repay this Note even though I may be under 18 years of age. 6) If I am unable to make the scheduled payments for reason of hardship, I may be eligible for forbearance as provided for in the Guaranteed Student Loan Program regulations at the discretion of the lender on the repayment of my loan(s). 7) In this Note the words I, me, and my mean the borrower identified in item 2 of Section I of the Application. You, your and yours mean the lender and any other owner of the Note.

**VIII. Deferment** You will let me pay interest only, if such interest is not paid by the United States Government, and let me defer making principal payments on this Note as provided below if my repayment period has begun, I am not in default and I can provide you with written evidence that I qualify for the deferment. 1) While I am enrolled at a participating school in full-time study, as determined by that school; however, to obtain a deferment to attend a school not located in the United States I must be a citizen or national of the United States, or b) in a graduate fellowship program approved by the Secretary of Education, or c) in a rehabilitation training program for disabled individuals approved by the Secretary of Education, or d) as a full-time student at an institution of higher education or vocational school which is operated by an agency of the United States Government. 2) For periods not exceeding 3 years for each of the following while I am a) on active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service or b) serving as a Peace Corps volunteer, or c) serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (e.g. VISTA) or d) providing service as a full-time volunteer for an organization exempt from Federal income tax under Section 501(c)(3) of the Internal Revenue Code of 1954 which the Secretary of Education has determined is comparable to service performed in the Peace Corps or ACTION programs. e) temporarily totally disabled, as established by affidavit of a qualified physician, or f) unable to work because I am providing care required by a spouse who is temporarily totally disabled as established by affidavit of a qualified physician. 3) For a period not exceeding 2 years while I am serving an internship that the Secretary of Education has determined is needed to gain professional recognition required to begin professional practice or service. 4) For a single period not exceeding one year while I am conscientiously seeking but unable to find full-time employment in the United States.

**IX. Repayment** I hereby promise to pay the sums of this Promissory Note in periodic installments, with interest at the rate indicated in Interest, Paragraph III, on the unpaid balance from the date of this Promissory Note until the loan is paid in full, unless the whole amount is accelerated because of Default, Paragraph V, or 2) This Promissory Note becomes due because of Item II of Date Note Comes Due, Paragraph II. On the last Act of this Promissory Note, you will send me a Repayment Schedule which shows the particular repayment terms, including the beginning due date and the amount of the payment installments. The Repayment Schedule may include all loans I have received from you under the Florida Guaranteed Student Loan Program. The Repayment Schedule will require me to make monthly payments for a period of not more than 10 years after this Note becomes due. The repayment period will not be longer than 5 years from the date of my original Note not counting periods of deferment outlined in Deferment, Paragraph VIII, or forbearance. My original in school period is counted in this 15 year requirement. At my option, I may agree to a repayment period that is shorter than 5 years. I may at a later time have the repayment period extended so that the total repayment period is more than 5 years from the date, however, if my loan(s) is disbursed on or after October 1 [unreadable] the repayment period on all my loans to be repaid under the Guaranteed Parent Loan Program (GPLP), or the PLUS Program under Title IV Part B of the Higher Education Act shall not be less than 360 days after making payments by my spouse on all the consolidated loans programs and the balance of all such loans plus accrued interest is less than $600, even though this may result in a repayment period shorter than 5 years.

**X. Prepayment** I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

**XI. Credit Bureau Notification** If I default on this loan, you or the Guarantor may report the default to credit bureau organizations. This may significantly and adversely affect my credit rating. If not otherwise prohibited by law, the lender or the Florida Department of Education may disclose information about the status of this loan to any credit bureau.

---

### Borrower Certification

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information contained in Section I of this application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I hereby authorize the school to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize any school that I may attend to release to the lending institution, subsequent holder, Florida Department of Education, U.S. Department of Education, or their agents, any requested information pertinent to this loan (e.g. employment, enrollment status, current address). I certify that the proceeds of any loan made as a result of this application will be used for educational expenses for the loan period covered by this application at the school named in Section II. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance at that school for the loan period stated in Item 22. I certify that the total amount of loans received under the Guaranteed Student Loan Program, Title IV, Part B (P.L. 89-329) as amended, will not exceed the allowable maximums. I further

certify that I do not now owe a repayment on a Pell Grant, Supplemental Grant, or State Student Incentive Grant and am not now in default on a National Direct Student Loan or a Guaranteed Student Loan, or a Federally Insured Student Loan, or a PLUS loan. I further authorize my lending institution to issue a check covering the proceeds of my loan in full or in part, made payable to me or at the lender's option, jointly payable to me and the school, and sent to the school named in Section II or at the lender's option, to me. I have read and understand the "Statement of Borrower's Rights and Responsibilities" supplied with this application.

I understand that I will receive a Notice of Loan Guarantee and Disclosure Statement that identifies my loan amount (as determined by the lender), the fee amounts, grace period, and late charges. I understand and agree that if the information on the Notice of Loan Guarantee and Disclosure Statement conflicts with the information on the Application/Promissory Note, the information on the Notice of Loan Guarantee and Disclosure Statement applies.

---

**NOTICE TO STUDENT: BY YOUR SIGNATURE ON THE OTHER SIDE OF THIS APPLICATION AND PROMISSORY NOTE YOU ARE AGREEING TO THE ABOVE TERMS AND CERTIFICATION**

JS-44
(Rev. 12/96)

# CIVIL COVER SHEET

00-6178

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

CIV-DIMITROULEAS

**I. (a) PLAINTIFFS**

UNITED STATES of AMERICA

MAGISTRATE JUDGE
JOHNSON

**DEFENDANTS**

CHARLOTTE H. MANERA

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  BROWARD
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

B. Broward 0:00CV6178 WPD/LRJ

FILED by ___ INTAKE ___ D.C.
FEB - 2 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
THOMAS E. SCOTT, U.S. ATTORNEY  (305) 961-9377
99 NE 4TH STREET, SUITE 300
MIAMI, FL 33132-2111

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B[ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med Malpractice | B[ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | B[ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | | [ ] 365 Personal Injury - Product Liability | | | B[ ] 450 Commerce/ICC Rates/etc |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | B[ ] 630 Liquor Laws | A PROPERTY RIGHTS | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers Liability | | B[ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| B[X] 152 Recovery of Defaulted Student Loans (Excl Veterans) | [ ] 340 Marine | PERSONAL PROPERTY | B[ ] 650 Airline Regs | [ ] 830 Patent | [ ] 810 Selective Service |
| | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | B[ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 850 Securities/Commodities/Exchange |
| B[ ] 153 Recovery of Overpayment of Veteran's Benefits | | [ ] 371 Truth in Lending | B[ ] 690 Other | | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | A LABOR | B SOCIAL SECURITY | [ ] 891 Agricultural Acts |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 892 Economic Stabilization Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | | | [ ] 862 Black Lung (923) | [ ] 893 Environmental Matters |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | [ ] 720 Labor/Mgmt Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 894 Energy Allocation Act |
| | | | | [ ] 864 SSID Title XVI | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | B[ ] 510 Motions to Vacate Sentence | [ ] 730 Labor/Mgmt Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| B[ ] 220 Foreclosure | [ ] 442 Employment | HABEAS CORPUS: | [ ] 740 Railway Labor Act | FEDERAL TAX SUITS | |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | B[ ] 530 General | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 240 Torts to Land | | A[ ] 535 Death Penalty | [ ] 790 Other Labor Litigation | A[ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | B[ ] 540 Mandamus & Other | | | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | [ ] 440 Other Civil Rights | B[ ] 550 Civil Rights | A[ ] 791 Empl Ret Inc Security Act | A[ ] 871 IRS - Third Party 26 USC 7609 | A OR B |
| | | B[ ] 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

RECOVERY OF FUNDS EXPENDED BY THE PLAINTIFF AS GUARANTOR OF A DEFAULTED FEDERALLY INSURED STUDENT LOAN. 34 CFR 682.100(4) (d)

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**   CHECK IF THIS IS A CLASS ACTION   [ ] UNDER F.R.C.P. 23

DEMAND $ 3,101.26
+ interest & costs

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] YES   [X] NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  1/31/00

SIGNATURE OF ATTORNEY OF RECORD

MARY F. DOOLEY, AUSA

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____